UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| C-MART, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:13CV00052 AGF |
| | ) | |
| METROPOLITAN LIFE INSURANCE | ) | |
| COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Metropolitan Life Insurance Company's Motion to Dismiss or Transfer Case to the Southern District of Florida[1] (Doc. No. 15) and Motion of Defendants Storick Group Co., The Storick Group Corporation, and Scott R. Storick to Dismiss Based upon Lack of Personal Jurisdiction or Dismiss/Transfer Case to the Southern District of Florida (Doc. No. 31). For the reasons set forth below, the Court shall grant the motions to transfer.

**I. BACKGROUND**

On January 10, 2013, Plaintiff, C-Mart, Inc. ("C-Mart"), filed this putative class action complaint under the Telephone Consumer Protection Act of 1991 ("TCPA"), as amended by the Junk Fax Prevention Act of 2005 ("JFPA"), 47 U.S.C. § 227, *et seq.* (Class Action Compl. ¶ 2, ECF No. 1.) Plaintiff, a Missouri corporation, contends that Defendants, Metropolitan Life Insurance Company, Storick Group Co., The Storick

---

[1] Defendants The Storick Group Corporation, Storick Group Co., and Scott R. Storick (collectively "Storick") join in this motion.

1

Group Corporation, Scott R. Storick, and John Does 1-10 have sent, and continue to send, unsolicited advertisements via facsimile transmissions in violation of the JFPA. (*Id.* at ¶ 2, 8-14.)

On August 24, 2012, counsel for Plaintiff C-Mart, the Anderson + Wanca law firm, filed a substantively identical class action complaint in the United States District Court for the Southern District of Florida ("Florida Lawsuit"). *Environmental Progress, Inc. v. Metropolitan Life Insurance Co., Storick Group Co., The Storick Group Corporation, Scott R. Storick, and John Does 1-10*, Case No. 9:12-cv-80907-DMM (S.D. Fla. 2012). Plaintiff Environmental Progress, Inc. ("EPI") withdrew its class action allegations and proceeded on an individual basis on January 14, 2013. (Pl.'s Combined Resp. in Opp'n Ex. 3, ECF No. 35-3.) On April 12, 2013, three days before the scheduled bench trial, EPI filed a Notice of Voluntary Dismissal, which the judge granted on that same date. (Pl.'s Supplemental Combined Resp. in Opp'n Ex. 1, ECF No. 38-1; Notice of Trial, *Environmental Progress, Inc. v. Metropolitan Life Ins. Co., et al.*, Case No. 9:12-cv-80907-DMM, ECF No. 126.)

In the case presently before this Court, Defendant Metropolitan Life Insurance Company ("MetLife") filed a Motion to Dismiss or Transfer Case to the Southern District of Florida on February 14, 2013, arguing that the first-filed rule mandated dismissal or transfer of the action to the Southern District of Florida or, in the alternative, that this Court should transfer the case to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a). On March 1, 2013, Defendants Storick Group Co., The Storick Group Corporation, and Scott R. Storick (collectively "Storick") filed a Motion to Dismiss for

Lack of Personal Jurisdiction or Dismiss/Transfer Case to the Southern District of Florida. Storick contends that it has insufficient minimum contacts with the State of Missouri to satisfy personal jurisdiction. In addition, Storick raises the same legal argument as Met Life and asserts that this case should be transferred to the Southern District of Florida under either the first-filed rule or 28 U.S.C. § 1404(a).

In Plaintiff's Combined Response in Opposition, it argues that the first-filed rule does not apply because the Florida Lawsuit is not a class action suit and that Defendants cannot make the requisite showing that transfer under 28 U.S.C. § 1404(a) is proper. Further, Plaintiff contends that this Court has personal jurisdiction over Storick under the Missouri long-arm statute and in compliance with due process. Plaintiff later asserts that the motions to dismiss or transfer due to the pendency of the Florida Lawsuit should be denied as moot due to the dismissal of that case.

## II. DISCUSSION

### A. First-Filed Rule

Defendants argue that this Court should dismiss or transfer the case to Florida, where counsel Anderson + Wanca first filed a virtually identical case. Plaintiff asserts that the motion is now moot by virtue of the Order on Notice of Voluntary Dismissal, dismissing the case with prejudice. The Court agrees that the first-filed argument is now moot and declines to address the motions to dismiss or transfer on the basis of the first-filed rule. *See Espey & Assoc., Inc. v. Principal Mfg. Corp.*, No. 1:08-CV-2117, 2009 WL 721740, at *1 (N.D. Ohio March 18, 2009) (finding the first-to-file argument moot where other district court dismissed the first-filed suit).

3

## B.  28 U.S.C. § 1404(a)

Next, Defendants argue that this case should be transferred to the Southern District of Florida under 28 U.S.C. § 1404(a), which provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Plaintiff asserts that Defendants are unable to meet the requirements of the statute such that the motion to transfer should be denied. The undersigned finds that transfer to the Southern District of Florida under § 1404(a) is appropriate.

When determining whether to transfer a case pursuant to 28 U.S.C. § 1404(a), courts must consider: "1) the convenience of the parties; 2) the convenience of the witnesses; and 3) the interests of justice." *Dube v. Wyeth LLC*, ___ F. Supp. 2d ___, No. 4:12CV1912 ERW, 2013 WL 1163498, at *2 (E.D. Mo. March 20, 2013) (citing *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997)). Whether to grant or deny a request to transfer a case under §1404(a) is within the trial court's sound discretion. *Hubbard v. White*, 755 F.2d 692, 694 (8th Cir. 1985) (citation omitted). "[C]ourts are not limited to just these enumerated factors, and they have recognized the importance of a case-by-case evaluation of the particular circumstances presented and of all relevant case-specific factors." *Dube*, 2013 WL 1163498 at *2 (citing *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010)). However, courts give great deference to a plaintiff's choice of forum, and a party requesting transfer under § 1404(a) bears the burden of demonstrating that the transfer is justified. *Anheuser-Busch, Inc. v. All Sports Arena Amusement, Inc.*, 244 F. Supp. 2d 1015, 1022 (E.D. Mo. 2002) (citation omitted).

Defendants argue that §1404 factors heavily favor transfer because the Southern District of Florida is a more convenient venue for the parties, as only the named Plaintiff has a connection to Missouri; the key witnesses are located in Florida; and the interests of justice favor transfer because Plaintiff's attorneys are forum-shopping.  Plaintiff, on the other hand, contends that the factors this court must consider weigh against transfer in this case.

Courts take into consideration several factors when weighing convenience and the interests of justice under § 1404(a).  To evaluate the balance of convenience, district courts consider:

> (1) the convenience of the parties, (2) the convenience of the witnesses—including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law.

*Burkemper v. Dedert Corp.*, No. 4:11CV1281 JCH, 2011 WL 5330645, at *2 (E.D. Mo. Nov. 7, 2011) (citing *Terra Int'l,* 119 F.3d at 696).  In evaluating these factors, the convenience of witnesses is the most important.  The convenience of the witnesses is the "'primary, if not most important'" of the convenience factors. *Anheuser-Busch, Inc. v. City Merchandise*, 176 F. Supp. 2d 951, 959 (quoting *May Dept. Stores Co. v. Wilansky*, 900 F. Supp. 1154, 1165 (E.D. Mo.1995)).

Under the interest of justice category, the courts also consider:

> (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5)

>obstacles to a fair trial, (6) conflict of law issues, and (7) the
>advantages of having a local court determine questions of
>local law.

*Burkemper*, 2011 WL 5330645, at *2 (citing *Terra Int'l*, 119 F.3d at 696). Accordingly, the Court will analyze the pertinent factors in determining Defendants' motion to transfer.

At the outset, no dispute exists as to whether Florida is a convenient forum. Indeed, Anderson + Wanca litigated a substantially similar case against the same Defendants in the Southern District of Florida through the pretrial stage. Other than the named Plaintiff, C-Mart, none of the parties resides in or near Missouri. More importantly, Defendants have demonstrated that the majority of the witnesses and evidence is located in Florida. "Typically, 'the party seeking the transfer must clearly specify the essential witnesses to be called and must make a general statement of what their testimony will cover.'" *Merrick Bank Corp. v. Savvis, Inc.,* No. 4:08CV00674 ERW, 2008 WL 5146660, at *3 (E.D. Mo. Dec. 8, 2008) (quoting *Graff v. Qwest Commc'ns Corp.,* 33 F. Supp. 2d 1117, 1122 (D. Minn. 1999)). Defendants contend, and Plaintiff does not dispute, that Robert Martino, who approached Storick with the faxing scheme; Mr. Storick; Mr. Storick's personal assistant; MetLife's current and former personnel working in the Ft. Lauderdale office where Storick worked; and several other deposed witnesses are located in South Florida.[2] Defendants also have attached the witness lists and deposition designations from the Florida Lawsuit, which indicate that

---

[2] The Court also notes that Storick does not dispute the propriety of jurisdiction in Florida. However, Storick has filed a well-reasoned motion to dismiss, asserting that this Court does not have personal jurisdiction over any of the Storick Defendants.

the "will-call" witnesses for the Defendants reside in South Florida. (MetLife's Reply Mem. Ex. C, ECF No. 37-3.) With regard to the essential witnesses, Defendant indicates that they will testify as to their personal involvement in the alleged occurrences. Further, Defendants note that they and Plaintiff's attorneys have already deposed many witnesses such that the testimony of these witnesses is readily apparent.

Defendants further contend, and the Court agrees, that witness availability is uncertain, as most of the witnesses are outside the 100-mile subpoena power of this Court under Federal Rule of Civil Procedure 45. This factor also weighs in favor of the motion to transfer. *See Dube,* 2013 WL 1163498, at *4 (finding the convenience of non-party witnesses a strong factor favoring transfer where key fact witnesses resided outside the 100-mile subpoena range and thus could be unavailable for live testimony at trial). While Plaintiff argues that the parties could present video-taped depositions at trial, Defendants correctly state that federal courts prefer live oral testimony. *Griman v. Makousky,* 76 F.3d 151, 153 (7th Cir. 1996). Although Plaintiff argues that Defendants have not sufficiently identified the witnesses who will testify or set forth their testimonies, the Court is satisfied with Defendants' showing that the convenience of witnesses in this case weighs heavily in favor of transferring the case to the Southern District of Florida.

Plaintiff also argues that Missouri is the most convenient forum because the tort occurred in Missouri where Plaintiff received the fax. However, Defendants correctly state that the TCPA prohibits a person from using "any telephone facsimile machine, computer, or other device to **send**, to a telephone facsimile machine, an unsolicited advertisement." 47 U.S.C. § 227(b)(1)(C) (emphasis added). Thus, the alleged violation

7

of the TCPA occurred in Florida, the state from which Storick sent the unsolicited fax. This additional fact weighs in favor of granting Defendants' motion to transfer.

In addition to convenience, the Court finds that the interest of justice factors warrant transfer of this action. Plaintiff asserts that this Court should defer to the Plaintiff's forum choice of Missouri. The Court agrees that "federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." *Terra Int'l*, 119 F.3d at 695 (8th Cir. 1997). The deference given to Plaintiff's choice of forum "is reduced, however, in a [ ] class action, where members of the class are dispersed throughout the nation." *In re Global Cash Access Holdings, Inc. Secs. Litig.*, No. 08 Cv. 3516, 2008 WL 4344531, at *7 (S.D.N.Y. Sept. 18, 2008); *see also Wald v. Bank of Am. Corp.,* 856 F. Supp. 2d 545, 549 (E.D.N.Y. 2012) (citations omitted) (finding that litigating a class action suit with numerous diverse claimants markedly diminished the class representative's choice of forum because the class representative was only one of many potential plaintiffs who could equally demonstrate the right to litigate in their home courts); *Berenson v. Nat'l Fin. Servs., LLC*, 319 F. Supp. 2d 1, 3 (D.D.C. 2004) ("[C]ertainly in a class action suit in which the plaintiffs propose to represent a class of potential plaintiffs who reside throughout the country, the plaintiffs' choice of forum deserves less weight than it is typically given."); *Berman v. Informix Corp.*, 30 F. Supp. 2d 653, 659 (S.D.N.Y. 1998) (noting that in cases with multiple claimants and related class actions, choice of forum is given far less weight).

Here, while the Court gives Plaintiff some deference with regard to its choice of forum, the Defendants have sufficiently demonstrated that transfer is appropriate. As previously stated, although Plaintiff resides in Missouri, the vast majority of witnesses reside in Florida and have no connection to Missouri. Further, the events giving rise to this litigation did not occur in Missouri. In addition, the Class Action Allegations in Plaintiff's Complaint indicate Plaintiff's intention to bring the class action on behalf of "[a]ll persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants . . . ."[3] (Class Action Compl. ¶ 23, ECF No. 1)

Finally, the Court finds that the interests of justice weigh heavily in favor of transfer because Plaintiff's choice of forum creates the perception of impermissible forum shopping. Review of the Florida Lawsuit and the briefs and exhibits pertaining to the motions to transfer demonstrate the likelihood that Plaintiff's counsel, Anderson + Wanca, dismissed the class allegations and the complaint in the Florida Lawsuit in order to find a more favorable forum. *See Thatcher v. Hanover Ins. Grp., Inc.,* 659 F.3d 1212, 1214 (8th Cir. 2011) ("[I]it is inappropriate for a plaintiff to use voluntary dismissal as an avenue for seeking a more favorable forum."); *see also Deposit Nat'l Bank, Jackson,*

---

[3] Plaintiff's Amended Motion to Certify Class, attempting to define the class as only residents of Missouri, does not tip the balance of factors toward the case remaining in this district. Florida is where the alleged acts occurred, where the documents and servers used are located, and where the party and nonparty witnesses are located. Indeed, the plaintiff in the Florida Lawsuit was a South Carolina corporation residing in South Carolina. (Notice of Activity in Florida Lawsuit Ex. B, ECF No. 30-2)

*Miss. v. Roper*, 445 U.S. 326, 339-40 (1980) (recognizing the "problems raised by 'forum shopping' by putative class representatives attempting to locate a judge perceived as sympathetic to class actions"); *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 979 n.2 (7th Cir. 2010) (stating that in transfer analysis, "certain behavior may count against a plaintiff's choice of forum, such as where there is evidence of forum-shopping or bad faith by a litigant"). Indeed, the Florida court, in granting plaintiff EPI's motion to drop its class allegations, noted that three days after the Florida court denied plaintiff's motion to modify the pretrial schedule, Anderson + Wanca initiated another class action based on the same conduct against Defendants in Missouri and that "the timing of the filing of the Missouri Action raises questions concerning Plaintiff's counsel's pursuit of Junk Fax Protection Act litigation . . . ." (Notice of Activity in Florida Lawsuit Ex. A pp. 2, 5, ECF No. 30-1)

In sum, the Court finds that Defendants have met their burden of demonstrating that transfer to the Southern District of Florida under 28 U.S.C. § 1404(a) is appropriate in this case. The convenience factors and the interests of justice strongly favor transferring this case. As stated above, Plaintiff's choice of forum is not entitled to deference in this class action suit. Instead, the alleged acts occurred primarily in the State of Florida; the Storick Defendants are located in Florida; the non-party witnesses, who are not subject to this Court's subpoena power, reside in Florida; and the documents and servers are located in Florida. In addition, the perception of impermissible forum shopping favors granting Defendants' motion.

Accordingly,

10

**IT IS HEREBY ORDERED** that Defendant Metropolitan Life Insurance Company's Motion to Dismiss or Transfer Case to the Southern District of Florida, joined by Storick, (Doc. No. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion of Defendants Storick Group Co., The Storick Group Corporation, and Scott R. Storick to Dismiss Based on Lack of Personal Jurisdiction or Dismiss/Transfer Case to the Southern District of Florida (Doc. No. 31) is **GRANTED** as to the motion to transfer and **DENIED as moot** as to the motion to dismiss for lack of personal jurisdiction.

**IT IS FURTHER ORDERED** that this action shall be transferred to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1404(a).

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 31st day of May, 2013.